## ELIJAH FREEMAN v. STATE.

No. A-6493. Opinion Filed Feb. 2, 1929.
(273 Pac. 1029.)

E. I. Saddler and A. T. Hall, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, P. J. The plaintiff in error, hereinafter called defendant, was convicted in the district court of Tulsa county of manslaughter in the first degree, and his punishment fixed at 35 years in the state penitentiary.

The record discloses that on August 21, 1926, defendant, a negro, shot and killed one Milton Jackson, another negro, in the city of Tulsa. The judgment was entered October 2, 1926; the appeal was lodged in this court in February, 1927. No briefs in support of the appeal have been filed, and no appearance for oral argument was made at the time the case was submitted.

Where an appeal from a conviction for a felony is prosecuted to this court, and is not supported by brief or oral argument, this court will examine the record for jurisdictional or fundamental errors, and will read the evidence to ascertain if it reasonably supports the verdict and judgment; if no such errors appear, and the evidence supports the verdict and judgment, the case will be affirmed.

On account of the gravity of the case, we have examined the record with care, and find no material error. The evidence discloses that on the date charged the deceased was engaged in window washing, and defendant came by, and some bantering or taunting remarks in reference to the job on which deceased was engaged passed between him and the defendant. Defendant then called the deceased to him, and, as deceased came up to him, defendant drew a pistol which he was carrying wrapped up in a newspaper, and shot deceased, from the effects of which he died the following day. When arrested shortly after the shooting, defendant said in substance to the policeman who made the arrest that he did not know why he did it; that this negro, referring to deceased, cursed him the day before. Defendant's testimony tends to make out a case of self-defense. It is practically unsupported by any of the other witnesses. The jury was lenient in finding the defendant guilty only of manslaughter in the first degree.

No reason to disturb the verdict is apparent.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.